Good morning and may it please the court. My name is Paul Norman with Boardman and Clark LLP in Madison, Wisconsin, and I am representing the plaintiff appellant, Matthew Enterprise, Inc. This appeal is from the district court's order granting Fiat Chrysler's motion to dismiss under Rule 12b-6, dismissing Matthew's claims under the Automobile Dealer Day and Court Act, the Michigan version of the implied covenant of good faith and fair dealing, and the California termination statute. The dismissal of the Automobile Dealer Day and Court Act and the bad faith claims should be reversed because Matthew's complaint alleges detailed and plausible facts which have proved will establish that Chrysler's exercise of its discretion over Matthew's location, which is given to it under the dealer agreement, was motivated by a pretextual bad faith reason. I thought that for that claim to succeed you had to show there was some kind of a wrongful demand by the defendant. And here they just were enforcing the provisions that your client agreed to, right? The key case here, I think, that applies is the case General Motors v. New A.C. Chevrolet, which was a Third Circuit case. It's discussed more in the context of the bad faith claim, but it also has a very informative discussion of the Automobile Dealer Day and Court Act. And in that case, and I'll quote from that case, where the Third Circuit says, that while a manufacturer does not make a wrongful demand if it merely insists that the dealer comply with a reasonable obligation imposed by the franchise agreement, which is what you're saying, Your Honor, a dealer can state a claim for relief under the Automobile Dealer Day and Court Act by alleging that the manufacturer's reliance on those objectively reasonable provisions is, in fact, motivated by a pretextual bad faith reason. And that's exactly what Matthew alleged in this case. And I think that — Well, you've said it in your complaint, but what underlying facts have you alleged to make it plausible under Twombly and Iqbal? That's where I guess I have the problem. All right. Well, there are several plausible facts that are made to support that. In fact, it's more detailed than the facts that were alleged. Excuse me, Your Honor. Possible facts? Pardon? These are possible facts? Plausible, yes. Plausible. Oh, plausible. Plausible, yes. I'm quoting from Twombly. I'm just trying to follow your argument. Right. The facts make a plausible case that this is — the factual allegations make a plausible case that this conduct by a Fiat Chrysler was motivated by a desire to rid itself of the dealer. And those facts are, number one, that there was a history here of litigation between the dealers, one, over whether Matthew could buy the facility on which it was located, secondly, over the Robinson-Patman Act, a case we'll discuss in a little bit, and secondly, that the reasons that Fiat Chrysler gave for not allowing the relocation were protectional, and there's detailed allegations of complaint of why each reason they gave as to why the proposed relocation site was inferior to the present location was a protectional statement in that the facts would actually show it was equal to or better. But did any of that reach the contract? Yes, Your Honor. Was any of that conduct inconsistent with the contract provisions? It is if it's undertaken for motivation to rid itself of the dealer. It's the reasons the dealer is making the — or the manufacturer is taking the conduct here. And here's the key — So what cause of action would those allegations support? Both the Automobile Dealers' Day in Court Act and the bad faith claim under Michigan law. But under the Automobile Dealers' Day in Court Act, there has to be a deviation from the contract, and I think that's what Judge Wofford was trying to get to. Where is the deviation from the contract that predicates the cause of action? Well, again, I think the Third Circuit hit it right on the head in there. If the deviation from the contract is where the reliance upon a contract provision is undertaken for a protectional bad faith reason. That sounds like the implied covenant of good faith and fair dealing. It is. That's precluded under Michigan law. It is. I believe that the facts support both the Automobile Dealers' Day in Court Act and the bad faith claim under Michigan law because of the fact that the motivation here, which Matthew alleges, was that it was to force it out of business and is continuing to attempt to force it out of business by making it locate there. The key distinction between this and other cases, like Hubbard and Golden Gate, is that here the manufacturer not only controls the relocation issue or has the discretion to decide whether the dealer can relocate or not, the manufacturer also controls the economic terms under which the dealer can occupy the location where the manufacturer says Matthew must stay. It's all part of the contract. It's all part of the contract that was signed. Yes, but it creates the scenario that Fiat Chrysler can force the dealer to stay where it's at under the contract and then set ruinous economic terms, which the allegations of complaint spell out in detail, close to a two and three quarter million dollar rent factor, which is way above, according to the complaint, what other dealers would pay in order to. But that was allowed. That's the problem, right? Your client agreed to that. What's that? Your client agreed to that. No, it has not agreed to that. It has not signed the lease, which would require it to pay that amount. So it is on a month-to-month tenancy, paying double the original rent as a holdover tenant. In the original agreement. I'm saying in the original agreement, I thought your client agreed that if your client did not carry out, I can't remember what the specifics were, then the consequence was what they're now doing. Actually, I think they could do more. But in any event, your client already knew what he had signed up for, right? No, my client originally entered into an understanding, it believed, that it would buy the facility and build its own. But that was not part of the contract. The contract was that if the subsequent terms weren't accepted on a lease renewal, it would be a month-to-month tenancy and the rent could be set at a percentage increase. So that's what your client agreed to. But the conduct really here is not allowing the dealer to move. The fact that it controls the economic terms helps it use that power to force the dealer to stay where it is, to also extract or put the dealer in a position where it cannot economically afford to stay in the location. I understand your argument that your client agrees to do something and then the opposition says that you violated, so we're going to go to court, and we're supposed to test the motivation of the plaintiff here? You're saying that he was following the contract. Is that true? Well, the contract says that the dealer can request the right to relocate and the manufacturer has the discretion whether to approve or deny it. Right. And what the law says, and what I think the Third Circuit correctly said, is if that exercise of discretion, whether to allow relocation or not, is shown to have been undertaken for the reasons given are pretextual and it was actually taken for a bad faith reason, such as trying to terminate the dealer, which is what the statute, the federal statute, is intended to prevent, then there is a violation, even though the contract allows the manufacturer to exercise that discretion. And I think that's the appropriate, that's obviously consistent with the intent of the law. Has we ever approved the Third Circuit case? Pardon? Have we as the Ninth Circuit ever approved the Third Circuit case? No. The only case that's on point or involving relocation is the Golden Globe case, but that's in our Golden, yeah, I think it's Golden Globe Acceptance Court, which was a decision which, with completely different facts, in that the dealer never alleged that there was a bad faith motivation and the court only had, and that was decided on summary judgment, not motion to dismiss. And the only evidence shown was that the manufacturer exercised a business judgment in that the parcel to which the dealer would relocate to would be three separate parcels and that the manufacturer did not feel that that was the right thing. There was no counter evidence shown by the dealer to show that this was really a motivation to get rid of the dealer. Counsel, if we choose not to adopt the Third Circuit's decision, do you lose? No, I don't think so. I mean, I think that the Automobile Dealer in Court Act is a wrongful demand enforced by sanctions, a demand that a dealer stay in location for the purpose of putting that dealer out of business because they have the ability then to impose economic terms, which does not allow the dealer to be competitive and profitable. That's the wrongful demand, and the sanction is obviously, if the dealer were to relocate in order to be able to keep going, then it would be terminated. Are you representing to the court that your client is out of business? My client is not out of business at this moment. We are alleged in the complaint that if it's not allowed to relocate, it will be out of business because the terms under which it's being required to stay at that location will result ultimately in that. And we're saying that that's sufficient to give the dealer a chance to prove those facts to a fact trier. As to the bad faith claim, the first question and the question which I think the district court got wrong is they're saying that the relocation provision of the contract is not subject to the duty of good faith. And again, the court, the Third Circuit in the Chevrolet case found that not to be the case. It's a similar provision in the GM contract. This contract is governed by Michigan law. It's not in the Third Circuit. And so is the General Motors contract was subject to Michigan law. And relying on the Burkhart Court of Appeals decision, which said that the duty of good faith does apply, where one of the parties has vested discretion over a contract term, said it's difficult to understand why a provision that gives the manufacturer the right to decide whether or not a dealer can relocate doesn't constitute discretion and therefore is subject to the duty of good faith. Did you want to save some time for rebuttal? I will. I'll save the remaining time unless there's other questions. Thank you. Thank you, Counsel. May it please the Court. Good morning. My name is Mark Clowart, and along with my colleague John Streelman, we're pleased to present FCA's position on this appeal. And FCA US LLC is the appellant in this case, for the record. It is, of course, FCA's position that the district court decision on two occasions here, it was an appropriate dismissal of all three of appellant's claims. And to be frank, I think the briefs are fairly clear, so I just would really like to provide a summary and certainly take any questions. It's FCA's position that this is almost a classic Twombly-Iqbal situation, whether or not the claims have been plausibly stated or supported by factual allegations. Here the claims require, as the panel has pointed out, some allegation of coercion, some allegation of intimidation with some resulting sanction. And as my colleague Mr. Norman stated, the facts supporting those protectual allegations were two. One is prior litigation between the parties. Both of those lawsuits you're hearing today, both of those were brought by the appellant and both of those cases resulted in decisions against the appellant. The second were, Mr. Norman stated that there were detailed statements in the complaints as to the pretext. I would counter that and say actually the factual allegations made in the complaint actually refute that. There's two in particular that are applicable here. One is the FCA permitted the dealership for seven years to continue on the expired rental term. I'm not sure how that can be seen as protectual. Also at about the same time that the denial of relocation was occurring, it was also alleged in the complaint that FCA approved another dealership for the appellant. Again, I'm not sure how that could be protectual and how FCA could be seen to be driving appellant out of business when in fact they're granting them another opportunity to do business in another city. My understanding was his argument is that your client is trying to make the term so and he instead has posed an alternative location that would improve the dealership. What's your response to that assertion? Several fold. FCA on two occasions issued letters responding and denying the relocation request  Those are in the record. In the second response letter, FCA actually engaged two outside expert witnesses to look at the proposed location and both expert witnesses concluded, and those are also included within the record, that the proposed location was inferior for a number of reasons, a number of business-related reasons. And I'd like to review the ADDCA claim for a moment. That claim, of course, requires some type of coercion or intimidation, and that's been interpreted to be some type of wrongful demand that would result in some type of sanction. Here it appears that the wrongful demand was stay in your current location that you agreed to. And as the parties have pointed out in their briefs and as the panel inquired, this was an exercise of business discretion under the party's contract. The discretion was provided to FCA to review those types of decisions and make those business decisions. What's your response to opposing counsel's position that if his client remains in that location, it will ultimately result in him going out of business? I would say it's speculation. I think the only facts that we know are that this dealer has been in business in that location since 2006, that it has been in business with the new rent structure to which it agreed in the 2006 lease since January 1st of 2016, that it is still in business today. Those, I believe, are the facts that we have in front of us today. I just don't believe there's been a showing of any coercion, intimidation, wrongful demand, or any type of resulting penalty. Briefly, on the breach of duty of good faith and fair dealing claim, it's not permitted under Michigan law. It is permitted. I will tell you, full disclosure, there is an exception, and that's when the parties have left discretion for another day. For example, if there was a gap filler in a contract and the party said, you know what, let's get this contract written and let's leave another provision open for another day. That's the type of discretion where a good faith and fair dealing claim is actionable under Michigan law. Here, the discretion was given absolutely to FCA to make the determination on the relocation. But opposing counsel says the Third Circuit was also interpreting Michigan law and found that there could be a cause of action for bad faith. What's your response? I would concur with that. Two points. The new AC case found by the Third Circuit was actually a summary judgment case. And so they went through discovery and the court found that there was no violation of the ADDCA or the breach of the covenant. And I think they found that there could be a breach of covenant case in the context of a breach of contract. So, in other words, some kind of faulty exercise of discretion could be a basis for a breach of contract claim under Michigan law. Here, it's interesting, when Judge Koh dismissed this case, dismissed the good faith and fair dealing claim under the first order, she did so with leave to amend. Appellant made the decision not to amend the complaint. Instead, the appellant asked Judge Koh to make that decision final. So it could move forward with this appeal. So, and the way it pled this claim was as a breach of the covenant, not a breach of contract. And the fact that it was dismissed shouldn't have been a surprise. In the case that you're going to hear right after this, the litigant, the appellant actually had a breach of the covenant claim denied in 2014 by the district court in that case. So this isn't something new. This shouldn't be a surprise. So you would agree that if there were an allegation that the discretion was not exercised reasonably under the contract provisions, that could be a viable basis for a breach of contract claim? At the risk of creating different types of law, I would agree with that. But I do think that that argument, to the extent it's advanced by appellant, is misplaced since it wasn't pled here. All right. Thank you, counsel. Yeah. And briefly on the third claim for constructive termination under California Vehicle Code Section 3060, simply put, Section 3060 provides that a manufacturer such as FCA shall not terminate a dealer unless there's notice provided and certain procedures are followed. Well, under the exact language of that statute, this is inapplicable. No termination has occurred. There's been no notice. There's been no procedures followed. Judge Koh dismissed this claim initially for failure to exhaust administrative remedies. The applicant went to the New Motor Vehicle Board, made the claim there, and as it says in the second complaint here, it was dismissed without prejudice. It's interesting, again, the appellant decided not to refile before the board. The board found that there was no jurisdiction because there had been no termination. And frankly, that's what should continue to happen here. Any further questions? Otherwise, we appreciate the opportunity. All right. Thank you, counsel. It appears not. Rebuttal. There obviously are factual issues over whether the decision not to allow Matthew to relocate was pretextual and whether being forced to stay at the current location will cause Matthew to go out of business. Those are factual questions. The allegations of the complaint say that it was pretextual. It will go out of business. They are plausible. There are details in the complaint which I think help support the plausibility of those two essential facts. And at this point, Matthew deserves a right to prove those on it. The same as whether or not the motivation that Fiat Chrysler has in not allowing the was based on business judgment versus a pretextual bad faith desire to rid itself of a troublesome dealer is also a fact that has to be litigated to the fact finder. This is not like Golden Globe or Hubbard where there were rulings on summary judgment and the evidence was in. There hasn't even been discovery here. We believe that discovery will produce many items of internal communications that show that FCA did want to get rid of and does want to get rid of Matthew as a dealer at Stevens Creek. But we can't get into the facts at this point. What communications are those? What? I'm not sure I read them. Well, you know, the motivation can be proven by a lot of evidence of discussion. You're speculating there may be something there that can help you. Yeah. And I'm just saying we shouldn't speculate at this point. We should at this point. The question is whether there's been enough blood here to give Matthew a chance for discovery and a chance to prove the facts as it is alleged. Thank you. What role should we put for a Golden Gate case? I think Golden Gate is very distinguishable on the facts because, again, and the allegations there and there was no showing at the summary judgment stage that General Motors made its decision not to allow relocation for any reason other than a good faith business judgment. But we believe the facts in this case are opposite. So you agree with Golden Gate? You think it's just distinguishable on the facts? I think it's distinguishable on the facts, yes. What facts do we have before us that would allow us to distinguish Golden Gate? It's a pretty strong case against you, written by Stan Barnes, who certainly knew what he was doing. He was former in the Justice Department over antitrust. How is this going to fit into your case? It seems to me there's a roadblock in Golden Gate for you. In another Ninth Circuit case, the Auto House v. Brugger, I think it is, the court said in determining whether there's an automobile dealer day in court act violation, not only do we look at what the manufacturer did, but the manufacturer's reasons for doing that. And, again, in Golden Gate, their only evidence was that General Motors denied the relocation request because the dealer was proposing to relocate to three different parcels rather than having all dealership operations under one roof. And the court found that that was a reasonable business judgment and, therefore, there was no material issue of fact to be tried. But we haven't gotten to that point where we've had a chance. I understand your argument. All right. Thank you. Thank you. Thank you to both counsel for your helpful arguments in this case. The case is submitted for decision by the court. The final case on calendar for argument is Matthew Enterprise v. Chrysler Group.
judges: Wallace, Rawlinson, Watford